UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

THE UNITED STATES OF AMERICA

v.

DECISION AND ORDER
11-CR-215

LISA M. YAEGER,

Defendant.

This case was referred to Magistrate Judge Hugh B. Scott, pursuant to 28 U.S.C. § 636(b)(1), for supervision of all pretrial proceedings. On November 22, 2011, Defendant Lisa Yaeger ("Defendant") filed an omnibus motion seeking, among other things, a bill of particulars specifying the charges against her. On May 2, 2012, Magistrate Judge Scott issued a Decision and Order wherein he, *inter alia*, denied Defendant's request for a bill of particulars. On May 23, 2012, Defendant appealed Magistrate Judge Scott's Decision and Order with respect to the denial of the bill of particulars.

Under 28 U.S.C. §636(b)(1)(A), the district court "may reconsider any pretrial matter under this subparagraph (A), where it has been shown that the magistrate's order is clearly erroneous or contrary to law." *Id.* The Court has carefully reviewed Magistrate Judge Scott's Decision and Order as well as the

parties' submissions. As explained further below, this Court finds that Magistrate Judge Scott's denial of Defendant's motion for a bill of particulars was neither clearly erroneous nor contrary to law. Accordingly, the Court affirms the Decision and Order in its entirety.

## BACKGROUND

On June 29, 2011, Defendant was charged, in an indictment, with three counts of Making and Subscribing a False Income Tax Return in violation of 26 U.S.C. §7206(1). On November 22, 2011, Defendant filed an omnibus motion seeking, among other things, a bill of particulars under Federal Rule of Criminal Procedure 7(f). Defendant requested additional information regarding the charges, including the alleged amount of unreported income and wages.

On May 2, 2012, Magistrate Judge Scott issued a Decision and Order denying Defendant's request. The Magistrate Judge found that the Government produced substantial discovery to Defendant and, therefore, a bill of particulars was not required.

Defendant argues that a bill of particulars is necessary to: 1) inform her of the nature of the charges against her, with sufficient precision, to enable her to prepare for trial; 2) avoid or minimize the danger of surprise at the time of trial; and 3) enable her to plead acquittal or conviction in bar of the prosecution of the same offense. Moreover, Defendant argues the indictment is vague and indefinite with respect to the proof to be offered by the Government.

## DISCUSSION

Magistrate judges are afforded "broad latitude [to] resolv[e] discovery disputes." *Thompson v. Keane*, 95-cv-2442, 1996 WL 229887, at *1 (S.D.N.Y. May 6, 1996); *see also Tracy v. NVR, Inc.*, 791 F. Supp. 2d 340, 342 (W.D.N.Y. 2011). A magistrate judge's ruling on a discovery issue is "clearly erroneous" only when "'the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Thompson*, 1996 WL 229887, at *1 (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). A decision is "contrary to law" if it "fails to apply or misapplies relevant statutes, case law[,] or rules of procedure." *Thompson*, 1996 WL 229887, at *1.

A defendant may request a bill of particulars when an indictment, and subsequent discovery, fails to fulfill the requirements of Federal Rule of Criminal Procedure 7(c)(1) and are "insufficient to permit the preparation of an adequate defense." *See United States v. Rigas*, 490 F.3d 208, 237 (2d Cir. 1985). A bill of particulars assists a "defendant to prepare for trial, prevent surprise, and interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." *United States v. Davidoff*, 845 F.2d 1151, 1154 (2d. Cir. 1988) (quoting *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d. Cir. 1987). The Government is never required to particularize all of its evidence. *Davidoff*, 845 F.2d at 1154.

3

A bill of particulars is only granted to a defendant when the indictment is so general in nature that it fails to advise the defendant of the specific acts he or she is accused of. *United States v. Torres*, 901 F.2d 205, 234 (2d. Cir. 1990). Moreover, a defendant cannot request a bill of particulars as "an investigative tool, or a tool of discovery, but rather it 'is meant to apprise the defendant of essential facts of the crime' . . ." *United States v. Ordaz-Gallardo*, 520 F.Supp.2d 516, 521-522 (S.D.N.Y. 2007) (quoting *United States v. Perez*, 940 F.Supp. 540, 550 (S.D.N.Y. 1996). It is within the Court's discretion as to whether a defendant is entitled to a bill of particulars. *See United States v. Barnes*, 158 F.3d 662, 665 (2d. Cir.1998). A defendant bears the burden to prove that, absent a bill of particulars, she will be prejudiced at trial. *Torres*, 901 F.2d at 234.

Here, Defendant argues that without a bill of particulars she is unable to face these charges at trial. She also contends that Defense counsel will be forced to "sift through the large amount of documents" to adequately prepare for trial. These arguments are unavailing. Through the indictment and subsequent discovery, the Government has produced substantial information to Defendant including its method of proof, extensive evidentiary documents with identification charts, the Defendant's bank records and tax files, and details regarding the allegedly unreported income.

The indictment lists the date, place, and particular falsified documents for each of the three counts. On July 7, 2011, the Government provided Defendant

with a discovery package pursuant to Federal Rule of Criminal Procedure 16. The package included a CD containing Defendant's bank records, IRS investigation materials, documents from other sources, and the Defendant's tax return files. In addition, the Government provided Defendant a letter indicating that it would be using the specific item method of proof and provided the Defendant with two forms of analysis. The first analysis set forth, by year, the Defendant's reported income numbers and the corrected tax. The second analysis provided the Defendant the details of the alleged unreported income by client name or income source together with the amount and year.

Requiring the government to provide more will obligate it to "preview its case or expose its legal theory," which is not a basis for a bill of particulars. *United States v. LaMorte*, 744 F.Supp. 573 (S.D.N.Y. 1990); *United States v. Leonelli*, 428 F.Supp. 880 (S.D.N.Y. 1977). Thus, Magistrate Judge Scott correctly concluded that Defendant has not demonstrated that further particularization is required.

## CONCLUSION

For the foregoing reasons, and for the reasons set forth by Magistrate Judge Scott, the Court affirms the May 2, 2012 Decision and Order in its entirety.

SO ORDERED.

                                                           _____
                                                           HONORABLE RICHARD J. ARCARA
                                                           UNITED STATES DISTRICT JUDGE

DATED: November 21, 2012